# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Henry P. Boisvert, III, ) | Civil Action No. 8:13-00867-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Techtronic Industries North America, Inc.; ) | **ORDER AND OPINION** |
| One World Technologies, Inc.; and Ryobi ) | |
| Technologies, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Henry P. Boisvert, III ("Plaintiff"), filed this action against Defendants Techtronic Industries North America, Inc. ("TINA"), One World Technologies, Inc. ("OWT"), and Ryobi Technologies, Inc. ("Ryobi"), (collectively "Defendants") alleging claims for strict products liability, negligence, breach of implied warranty of fitness, breach of warranty of merchantability, and reckless, willful or malicious conduct. (ECF No. 1 at 6-11.) Specifically, Plaintiff alleges that he suffered severe and permanent personal injuries to his left hand while using a Ryobi table saw, Model No. BTS10, Serial No. XX040323263 (the "Ryobi Saw"). (Id. at 3 ¶ 7, 6 ¶ 19.)

This matter is before the court on Defendants' motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion"). (ECF No. 5) Plaintiff opposes Defendants' Rule 12(b)(6) motion in its entirety. (ECF No. 9.) For the reasons set forth below, the court **DENIES** Defendants' Rule 12(b)(6) motion without prejudice.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

On April 3, 2010, Plaintiff was injured while allegedly using a Ryobi Saw. (ECF No. 1 at 6 ¶ 19.) On April 1, 2013, Plaintiff filed an action in this court alleging that he "is a citizen of

Virginia," TINA "is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625," OWT "is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625," and Ryobi "is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625."  (Id. at 1 ¶¶ 1-2, 2 ¶¶ 3-4.)  Plaintiff further alleged that the court "has personal jurisdiction over Defendants because Defendants have their principal place of business in Anderson, South Carolina[]" and "[v]enue is proper in the Court because Defendants have their principal place of business in Anderson, South Carolina."  (Id. at 2 ¶¶ 5-6.)

On April 25, 2013, Defendants filed their Rule 12(b)(6) motion regarding the complaint.  (ECF No. 5.)  In their motion, Defendants assert that Plaintiff's complaint should be dismissed because he lacks capacity to assert his claims in South Carolina against Defendants under South Carolina's Door Closing Statute (the "Door Closing Statute"), S.C. Code Ann. § 15-5-150 (2005).  (Id.)  Plaintiff filed opposition to Defendant's Rule 12(b)(6) motion on May 13, 2013, to which Defendants filed a reply in support of dismissal of the complaint on May 23, 2013.  (ECF Nos. 9, 10.)

## II.     LEGAL STANDARD AND ANALYSIS

Defendants move to dismiss the complaint on the basis that the Door Closing Statute precludes Plaintiff from maintaining an action in South Carolina.  (ECF No. 5.)  Defendants argue that the Door Closing Statute bars Plaintiff's action because he is a foreign citizen seeking to maintain an action that arose outside of South Carolina against Defendants that are incorporated under the laws of Delaware.  (ECF No. 5-1 at 2.)

The Door Closing Statute provides that "[a]n action against a corporation created by or under the laws of any other state, government or country may be brought . . . (1) By any resident of this State for any cause of action; or (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State." S.C. Code Ann. § 15–5–150 (2005). "Pursuant to the Door Closing Statute, a non-South Carolina resident cannot bring an action in South Carolina when the cause of action did not arise within South Carolina." Snell v. Golden Rule Ins. Co., C/A No. 6:08–3555–MHM, 2009 WL 185723, at *2 (D.S.C. Jan. 23, 2009). Moreover, "federal courts sitting in diversity must apply section 15–5–150 unless countervailing federal interests preclude its application." Tuttle Dozer Works, Inc. v. Gyro–Trac, Inc., 463 F. Supp. 2d 544, 549 (D.S.C. 2006).

Upon review, the court observes that there is not any dispute that Defendants are foreign corporations created by or under the laws of Delaware. However, the complaint does not support Defendants' assertion that "the subject accident occurred in Virginia." (ECF No. 5-1 at 1-2.) In this regard, the allegations in the complaint do not support even an inference that Plaintiff's claim arose outside of South Carolina. As a result, the court is not persuaded that it should preclude Plaintiff's action by granting Defendants' Rule 12(b)(6) motion pursuant to the Door Closing Statute. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint.") (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Accordingly, Defendants' Rule 12(b)(6) motion based on the Door Closing Statute must be denied.

## III.    CONCLUSION

Upon careful consideration of the complaint and the arguments of the parties, the court hereby **DENIES** without prejudice the motion to dismiss of Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc.  (ECF No. 5.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 10, 2014
Greenville, South Carolina